STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. SAM MELAMED, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 16, 1967—Decided February 2, 1967.

574

Before Judges CONFORD, FOLEY and LEONARD.

*Mr. Harvey L. Stern* argued the cause for appellant.

*Mr. Edward J. Phelan,* Assistant Prosecutor, argued the cause for respondent (*Mr. Vincent Panaro,* Mercer County Prosecutor, attorney).

The opinion of the court was delivered by

FOLEY, J. A. D. Defendant was tried by court and jury on indictments charging (1) possession of lottery slips, etc., and (2) bookmaking. He was acquitted of the bookmaking charge, but convicted of the lottery offense, and appeals from such conviction.

The operative facts are not in dispute. On May 22, 1964 upon the authority of a search warrant, detectives of the Trenton Police Department entered defendant's market. When they arrived defendant was on the telephone. He had before him a piece of paper upon which there were writings identified at the trial by a detective's expert testimony as the recordation of lottery "numbers play" and horse race bets. Other items were seized, including another paper with numbers bets on it.

At the trial the State relied upon proof of the foregoing facts. An expert for the State gave the opinion that the papers mentioned were those of a taker, not a maker of bets, relying mainly on the inclusion of pairs of initials alongside

many of the items and the quantity of the play. Defendant testified that he was not engaged in bookmaking, or the business of lottery, but that he was merely a bettor and the seized papers were his personal memoranda of bets which he had placed. He explained the initials on the slips as being those of various individuals with whom he had placed his bets.

In submitting the lottery indictment to the jury the court charged:

"Now, I will get to the second indictment for possession of lottery slips. Within the State of New Jersey, on a certain day, by the defendant, in that he knowingly, willfully and unlawfully did have in his possession certain slips pertaining to the business of lottery and lottery policy, so-called, contrary to another New Jersey statute, which I quote as follows:
'Any person who knowingly [it's a matter of intent] possesses any paper, document, slip or memorandum that pertains in any way to the business of lottery or lottery policy so-called, whether the drawing has taken place or not, is guilty of a misdemeanor.'
With respect to the charge for possession the State must prove beyond a reasonable doubt that some writing in evidence represents numbers play and further, that they pertain in some way to the business of lottery or lottery policy. The State must prove that the papers in evidence pertain in some way to the business of lottery or lottery policy.
Then the language of the statute states: 'Any person who knowingly possesses any paper, document, slip or memorandum that pertains in any way to the business of lottery or lottery policy so-called, is guilty of a misdemeanor.' "

At the conclusion of the charge a colloquy between defendant's attorney and the judge took place which may be interpreted as a request by the attorney that the court charge the jury that if the papers in question were merely notations made by defendant of bets he had made, they would not constitute memoranda pertaining to the business of a lottery, and thus could not be made the basis of a verdict of guilty. The court had previously during the trial ruled against defendant on this point and declined to charge in accordance with the attorney's request. We consider that in the context of the case defendant's position was sufficiently made known

to the judge to require him to charge as suggested if the legal theory advanced was sound. On this appeal the State does not argue to the contrary.

The central question, therefore, is whether in the circumstances presented the seized memoranda found in the possession of defendant were in the category of a "paper, document, slip or memorandum that pertains in any way to the business of lottery" as proscribed by *N. J. S.* 2A:121–3(b). Specifically, does the mere possession by a bettor of a paper, document, slip or memorandum pertaining to a lottery play, and inscribed by the bettor solely as a memorandum for the convenience of his own recollection, constitute a violation of the statute? If so, the court's refusal to charge as requested was proper. If not, it was prejudicial error.

We think it does not. We are aware of, and fully support, the strong policy of the Supreme Court to deal severely with offenses against gambling statutes because of their adverse effect upon individuals and society generally. See *State v. Ivan,* 33 *N. J.* 197, 202 (1960). Necessarily, however, the policy of severity is directed to those who fall within the legislative ambit of dereliction. We are certain that the statute was not intended to be expanded to include possession by a bettor of a notation made by him as a private record of a bet he made on a number. The bettor as such is not in the policy business. His personal memorandum of his bet does not pertain to the lottery business any more than a grocery customer's private notation of her order is a memorandum pertaining to the grocery business.

We take note of *State v. Rucker,* 46 *N. J. Super.* 162, 171 (*App. Div.* 1957), wherein Judge (now Justice) Hall observed, in effect, that the mere fact that the defendant is a bettor does not *per se* relieve him of criminal responsibility under the act, but we also note that Judge Hall added, "[he] might well be said to violate the section if he had in his possession a slip, receipt or memorandum of his bet *given him by the party with whom he had placed it.*" (Emphasis added)

As we have pointed out, upon the hypothesis advanced by defendant in the request to charge which was rejected by the judge, defendant was a bettor whose only connection with the lottery business was as a customer, and the papers in question represented his own notation of bets that he had made. In *State v. Rucker, supra,* by contrast, defendant was found to be in possession of cards which are ordinarily issued by an operator of a lottery business through his agents.

In the particular circumstances thus hypothesized, for which there was support in the proofs, we are unable to rationally conclude that defendant's memoranda necessarily came within the interdiction of the statute. We fully appreciate that the language of the law is broad—"a memorandum which in any way pertains to the business of lottery." Arguably, a literal reading of these words might induce the conclusion that the memoranda fell within the statute since, obviously, they did *pertain* to the business of lottery in the sense that they memorialized a transaction with the business of lottery. We think, however, that to adopt this view as a basis for affirmance would be to indulge in semantics at the expense of the spirit of the law. It seems to us to be illogical to say that while defendant could not be held for *betting* under any provision of *N. J. S.* 2A:121-3 he would be in violation of subsection (c) thereof if he made notations of his bets solely for his private records. We are satisfied that that was not the legislative purpose, and we so hold.

Defendant was entitled to an instruction which would have called upon the jury to decide the issue of whether the memoranda were in violation of the statute, as the State's proofs tended to establish, or whether they were nonincriminatory, as might be inferred from defendant's proofs. Consequently we conclude that the failure of the court to charge substantially as requested was reversible error in the respect discussed.

In view of our disposition of the case the question of the excessiveness of the sentence imposed becomes academic. However, in passing we express the view that a

sentence of 12 months in the Mercer County Workhouse was not excessive if defendant was properly found guilty of the charge. The offense was a misdemeanor for which the punishment is a maximum of three years in State Prison. Sentencing, essentially, is a matter which is discretionary with the sentencing judge. We would not say that he exceeded proper bounds.

Reversed and remanded for new trial.